NO. 07-10-00065-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 MARCH 31, 2010

 RICKY D. STARKS, APPELLANT

 v.

 TEXAS DEPARTMENT OF
 CRIMINAL JUSTICE, APPELLEE

 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 NO. 91,655-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION

 Appellant, Ricky D. Starks, appeals an order granting appellee, the Texas Department of
Criminal Justice, summary judgment. We dismiss for want of jurisdiction.

 The clerk(s record reflects that Starks filed notice of appeal on February 22, 2010. The
judgment appealed from was signed on October 20, 2009. Appellant filed a motion for new trial on
December 16, 2009. A timely filed motion for new trial will extend the deadline for filing notice
of appeal to 90 days from the date judgment was signed. See Tex. R. App. P. 26.1. However, in the
present case, appellant’s motion for new trial was not timely filed. See Tex. R. Civ. P. 329b(a).

 Texas Rule of Civil Procedure 306a provides an exception to the general rule when a party does
not receive notice of judgment until 20 or more days after judgment is signed so long as the notice
is received prior to the ninety-first day after the judgment is signed. See Tex. R. Civ. P.
306a(4). Under the procedures established by this rule, the party adversely affected is required to
prove in the trial court, on sworn motion and notice, the date on which the party or his attorney
first either received a notice of the judgment or acquired actual knowledge of the signing. See
Tex. R. Civ. P. 306a(5). Compliance with the provisions of rule 306a is a jurisdictional
prerequisite. See Mem’l Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam).

 On January 22, 2010, appellant filed a motion to extend postjudgment deadlines in an attempt to
comply with the requisites of rule 306a(5). However, appellant swore that “the foregoing [the
motion] is true and correct to the best of my knowledge . . . .” The “sworn motion” required by
rule 306a(5) is not satisfied by the affiant’s allegation that “the facts contained herein are true
and correct to the best of my knowledge.” In re Simpson, 932 S.W.2d 674, 677 (Tex.App.—Amarillo
1996, no writ). Rather, to be sufficient, the allegation must directly and unequivocally represent
the facts are true and within the personal knowledge of the affiant. Id. (citing Burke v.
Satterfield, 525 S.W.2d 950, 954-55 (Tex. 1975)).

 By letter dated March 17, 2010, the Court notified Starks that it appeared from the clerk’s
record that this Court’s jurisdiction was not properly invoked and directed Starks to show cause why
the appeal should not be dismissed for want of jurisdiction. Starks filed a response on March 26,
2010.

 In this response, Starks contends that, as an inmate, he is allowed to file an unsworn
declaration in lieu of a sworn certification. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001
(Vernon Supp. 2009). While Starks is correct, it is the equivocal nature of his unsworn declaration
that is fatal to his motion, rather than the failure to have the declaration sworn.

 In addition, Starks contends that this Court cannot “raise” the issue of a defect in his motion
to extend postjudgment deadlines. Compliance with the provisions of rule 306a is necessary to
invoke this Court’s jurisdiction when notice of appeal is untimely filed. See Gillis, 741 S.W.2d at
365. If notice of appeal is not filed timely, the appellate court's jurisdiction is invoked only to
the extent that the court may determine its lack of jurisdiction and dismiss the appeal. See
Simpson, 932 S.W.2d at 679. Courts must address questions of jurisdiction both sua sponte and when
raised by the parties. Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.--
Amarillo 1995, no writ). Thus, this Court can not only “raise” the issue of its jurisdiction, but
it must do so when that jurisdiction is absent or has not been properly invoked.

 For the foregoing reasons, we dismiss Stark’s appeal for want of jurisdiction.

 Mackey K. Hancock
 Justice